## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Aaron Ritter, an individual ("Aaron Ritter"), on the one hand, and HSBC USA Inc. and HSBC Bank USA, N.A (together, "HSBC"), on the other hand. HSBC and Ritter shall be referred to herein as the "Parties."

The Parties desire to settle fully, finally, and completely all of their disputes, including any issues, allegations, and claims raised in the action now pending in the United States District Court for the Southern District of New York entitled Aaron Ritter v. HSBC Bank USA, N.A., et al., Civil Action No. 15 Civ. 5693 (CM) (the "Civil Action"). The Parties represent that they have discussed all aspects of their claims and this Agreement with their respective attorneys, have been fully advised by them as to their rights, understand that they are waiving legal rights by signing this Agreement, and enter into this Agreement voluntarily, with a full understanding of and agreement with all of its terms.

1. **Agreement Contingent on Withdrawal and Dismissal of the Civil Action.**

    (a) As consideration for this Agreement, Ritter agrees to withdraw and dismiss the Civil Action with prejudice, without costs and attorneys' fees to any party. Ritter authorizes his attorney, Joshua Androphy, Esq. of Michael Faillace & Associates, P.C. ("Ritter's Counsel"), to sign the Stipulation and Order of Dismissal with Prejudice (the "Stipulation and Order") attached hereto as Exhibit A and deliver the same to counsel for HSBC, simultaneously with the delivery of a copy of this Agreement executed by Ritter. Counsel for HSBC shall execute and file the Stipulation and Order with the Court. The parties agree that they shall jointly request that the Court sign the Stipulation and Order dismissing the Civil Action and shall submit this Agreement to the Court for review and approval.

    (b) If the Court does not approve this Agreement, and the basis for the Court's approval does not involve a material term of this Agreement, the Parties shall make good faith efforts to modify this Agreement so as to obtain the Court's approval; and provided further that, if, for any reason, the Court does not approve this Agreement and sign the Stipulation and Order, this Agreement shall immediately become null and void, and of no further force or effect, and HSBC shall have no obligation to provide Ritter with any payments or benefits set forth in this Agreement.

    (c) The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate this Agreement and the terms set forth herein.

    (d) For purposes of this Agreement, the "Order Date" shall be the date of entry by the Court of a final Order dismissing the Civil Action with prejudice.

2. **Payment and Benefits**.

   (a) In consideration of Ritter's execution of this Agreement and the promises he makes herein, and in exchange for Ritter's continued compliance with his obligations under this Agreement, and without any other obligation to do so, after HSBC's counsel has received an Agreement signed by Ritter and the Court has issued a final Order dismissing the Civil Action with prejudice, the following payments shall be delivered to Ritter's counsel:

   Within thirty (30) days after the Order Date, three checks totaling $24,000, in the following amounts:

   (i) One check made payable to "Aaron Ritter" in the amount of $7,200, less applicable withholdings for taxes and other applicable deductions. HSBC will issue an IRS Form W-2 to Ritter in connection with this payment.

   (ii) One check made payable to "Aaron Ritter" in the amount of $7,200. This check will not be subject to withholdings for taxes and other applicable deductions. HSBC will issue an IRS Form 1099 to Ritter in connection with this payment.

   (iii) One check for $9,600.00 made payable to "Michael Faillace & Associates, P.C." HSBC will issue an IRS Form 1099 to both Ritter and Michael Faillace & Associates, P.C. in connection with this payment.

   (b) Ritter acknowledges and agrees that these payments are in full and final settlement of all disputes, claims, causes of action, or complaints between him and HSBC and any of the Released Parties defined below. Ritter agrees that he is solely and exclusively responsible for his share of any and all taxes attributable to the payments referred to in this Section 2 that are taxable as income to him.

3. **No Entitlement to Any Further Payment**.

   (a) Ritter acknowledges that a good faith dispute exists between him and HSBC as to whether he is owed any wages. Ritter has reviewed his wage records, prepared estimates of the wages he contends he is owed by HSBC (including but not limited to overtime wages) and that the payments and benefits described in Section 2(a) of this Agreement fully compensate Ritter for all wages he contends HSBC should have paid him in the past, including under the Fair Labor Standards Act, the New York Labor Law, and any other federal, state, or local wage-and-hour laws that provide for causes of action for any other wages, benefits, or privileges owed to employees.

   (b) Ritter further acknowledges that HSBC has paid him all other payments and benefits (including but not limited to bonuses, commissions, severance, expense reimbursement, sick and vacation pay) presently due to him, and that Ritter is not entitled to any additional payments or benefits other than as set forth in this Agreement.

4. **Release of Claims**. In exchange for the promises contained in this Agreement, Ritter hereby waives, releases and forever discharges, and agrees to the fullest extent permitted by law that he will not in any manner institute, prosecute, or pursue, any and all complaints, claims (known or unknown), charges, demands, suits, actions, or causes of action, whether in law or in equity, which he asserts or could assert, at common law or under any statute, rule, regulation, order, or law, whether federal, state, or local, or on any grounds whatsoever, including without limitation, any claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the New York Labor Law, the New York State Human Rights Law, the New York City Human Rights Law (all such laws as amended), and/or any other federal, state, or local common law, statute, regulation, or law of any other type against HSBC or any of its current or former predecessors, successors, parents, subsidiaries, affiliates, or related companies and/or any of their current or former owners, officials, directors, officers, shareholders, members, agents, representatives, servants, employees, divisions, units, successors, predecessors, assigns, and benefit plans (collectively, the "Released Parties"). The released claims include any claims under any written agreements between the Parties and any claims for attorneys' fees and costs.

5. **No Future Employment**. Ritter agrees to relinquish and hereby does relinquish any and all rights he may have to either directly or indirectly: (a) be employed by, (b) be assigned to, (c) work for, (d) seek employment with or apply to, (e) accept employment with, or (f) provide services in exchange for compensation in any capacity (including, but not limited to, as an employee, independent contractor, consultant, or temporary employee) to HSBC or any Released Party. Ritter agrees that he will not seek, apply for, or accept any employment or assignment to which he has relinquished any rights.

6. **No Pending Actions**.

(a) Ritter agrees and represents that, other than the Civil Action, he has not filed and does not have any pending charges, complaints, suits, or claims of any nature with any local, state, federal, or foreign agency or court, including but not limited to the United States Department of Labor or the New York State Department of Labor, against HSBC or any Released Party. Ritter further agrees that in exchange for the promises and benefits provided in this Agreement, he will not file any such claims in the future concerning any matter released by virtue of this Agreement, and he has not or will not transfer or assign any rights to bring any charges, complaints, suits, or claims of any nature against HSBC or any Released Party.

(b) Ritter agrees and represents that, by letter dated November 25, 2015, he excluded himself from the action now pending in the United States District Court for the Southern District of New York entitled Steven Long, et al. v. HSBC USA Inc., et al., Civil Action No. 14 Civ. 6233 (HBP) (the "Long Action"), which has been preliminarily approved for settlement. Ritter further agrees that he is not entitled to receive any payment in connection with the Long Action, including but not limited to any payment from the settlement fund.

7. **No Admission of Liability**. By entering into this Agreement, no Party admits any liability whatsoever to any other Party or to any other person or entity, and HSBC expressly denies any and all such liability. Ritter further promises and agree that neither this Agreement,

nor its existence, may be the basis for, or used as evidence of, any future claim by Ritter against HSBC or any Released Party.

8. **Joint Participation in Preparation of Agreement**. The Parties hereto participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

9. **Return of Property**. Ritter agrees that he has or will, before the date he executes this Agreement, return to HSBC any HSBC property still in his possession, custody, or control.

10. **Severability**. Should any of the provisions of this Agreement be rendered invalid by a court or government agency of competent jurisdiction, it is agreed that this shall not in any way or manner affect the enforceability of the other provisions of this Agreement which shall remain in full force and effect. The Parties further agree that New York law shall govern the validity and interpretation of this Agreement (without regard to its principles of conflict of laws) and that jurisdiction and/or venue of any action involving the validity, interpretation, or enforcement of this Agreement or any of its terms, provisions, or obligations, or claiming breach thereof, shall exist exclusively in the state and federal courts of New York, New York. The Parties represent that this Agreement may be used as evidence in any subsequent proceeding only to enforce its terms, provisions, or obligations.

11. **Section Headings**. Section headings in this Agreement are included for convenience of reference only and shall not be a part of this Agreement for any other purpose.

12. **Entire Agreement**. This Agreement constitutes the complete understanding between Ritter and HSBC, and supersedes any and all prior agreements, promises, or inducements, no matter its or their form, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these Parties shall be binding unless reduced to writing and signed by these Parties.

13. **Modifications**. No modifications, amendments, or changes to this Agreement shall be binding or enforceable unless reduced to writing and signed by both Parties.

14. **Counterparts**. This Agreement may be executed in counterparts, which when taken together shall constitute one and the same instrument. Counterparts may be executed and exchanged by email or facsimile, each of which shall have the force of a counterpart bearing an original signature.

15. **Ownership of Claims**. Ritter represents and warrants to HSBC that he has not assigned any claims he may have against HSBC or any other Released Party to any other person or entity. Ritter hereby acknowledges that no child support order, garnishment orders, or other orders requiring him to pay money to any other person are now in effect.

SETTLEMENT AGREEMENT AND GENERAL RELEASE
Page 5 of 5

16. **Period for Review**. Ritter agrees by his signature below that he had, and that HSBC gave him, a reasonable time in which to consider this Agreement before executing it, and that such period was sufficient for him to fully and completely consider all of its terms. Ritter hereby waives any right he might have to additional time within which to consider this Agreement. Ritter acknowledges that he was represented by counsel in his review of this Agreement. Ritter has carefully read this Agreement, fully understands what it means, and is entering into it voluntarily.

DATED: January 19, 2016    **AARON RITTER**

_[signature]_

DATED: January 26, 2016    **HSBC USA INC.**

_[signature]_
Print Name: Stephen R. Nesbitt
Title: Executive Vice President

DATED: January 26, 2016    **HSBC BANK USA, N.A.**

_[signature]_
Print Name: Stephen R. Nesbitt
Title: Executive Vice President