UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

AARON RITTER,

        Plaintiff,

    -against-

HSBC BANK USA, N.A., et al.,

        Defendants.

---------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/24/17
```

No. 15 Civ. 5693 (CM) (JLC)

### ORDER REFERRING JOSHUA ANDROPHY, ESQ. TO THE GRIEVANCE COMMITTEE OF THIS COURT AND ORDER TO AARON RITTER TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT

McMahon, C.J.:

    The undisputed facts of this matter are as follows:

    Plaintiff Aaron Ritter ("Plaintiff" or "Mr. Ritter") commenced this action on July 21, 2015, alleging that Defendants HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), HSBC North America Holdings, Inc., HSBC North America Inc., and HSBC USA Inc. (collectively, "HSBC") violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages. (Dkt. No. 1.) He was represented in this matter by Joshua Androphy, Esq. of the law firm, Michael Faillace & Associates, P.C.

    At the time Mr. Ritter filed his complaint, he was a putative class member in a class and collective FLSA action brought in this Court against HSBC that had been preliminarily approved for settlement by The Hon. Pitman, U.S.M.J., entitled *Long et al. v. HSBC USA, Inc.*, No. 14 Civ. 6233. Mr. Ritter's counsel was advised on two occasions that his client could not maintain a lawsuit and remain a member of the class in the *Long* Action. I am advised that he opted out of the *Long* class on November 25, 2015. (Dkt. No. 25 at 1.)

    HSBC then settled this action individually as against Plaintiff. On March 18, 2016, this Court approved the individual "Settlement Agreement and General Release" (the "Settlement Agreement") between Mr. Ritter and Defendants. (*See* Dkt. Nos. 22, 23.)

    In Section 6(b) of that Settlement Agreement, Plaintiff agreed and covenanted that:

Ritter agrees and represents that, by letter dated November 25, 2015, he excluded himself from the action now pending in the United States District Court for the Southern District of New York entitled Steven Long, et al. v. HSBC USA Inc., et al., Civil Action No. 14 Civ. 6233 (HBP) (the "Long Action"), which has been preliminarily approved for settlement. Ritter further agrees that he is not entitled to receive any payment in connection with the Long Action, including but not limited to any payment from the settlement fund.

(Dkt. No. 22-1 § 6(b).)

I am now advised by counsel for HSBC that the claims administrator handling the *Long* settlement, Settlement Services, Inc. ("SSI"), erroneously sent Mr. Ritter a settlement award check in the amount of $13,044.65. (Dkt. No. 25.) Actually, I am advised by Mr. Androphy that the check was sent to Mr. Ritter's counsel, not directly to Mr. Ritter, and Mr. Androphy forwarded the check to his client. (Dkt. No. 27.) No doubt the error was attributable to the fact that Mr. Ritter dropped out of the *Long* class very late.

Mr. Androphy has further advised the Court that he was fully aware of the fact that his client had opted out of the *Long* settlement and had agreed in the Settlement Agreement that he could not receive any money from the *Long* settlement fund. He knew that SSI had made a mistake. But instead of calling the matter to the attention of Judge Pitman or me, he purports to have done some research into his ethical obligations and concluded that they required him to send this check to his client, thereby facilitating Mr. Ritter's breach of the Settlement Agreement. Mr. Ritter has apparently cashed the check and will not give the money back, though he has been asked to do so.

I have read Mr. Androphy's letter with dismay. The "justification" offered for his conduct beggars belief. He is referred to the Grievance Committee of this Court for such discipline as that Committee may deem appropriate. Although as Chief Judge I sit *ex officio* on the Grievance Committee, I hereby recuse myself from the consideration of this matter.

As for Mr. Ritter, he is ordered to show cause why he should not be held in civil contempt of court for violating the terms of the Settlement Agreement – over which the Court has continuing jurisdiction of enforcement. (*See* Dkt. No. 22-1 § 1(c) ("The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and *any other efforts that may become necessary by order of the Court* or otherwise, *to effectuate this Agreement and the terms set forth herein.*" (emphasis added)).) Mr. Ritter is advised that a finding of civil contempt could result in his being arrested and jailed until such time as he arranges to repay the sum of $13,044.65, with interest at the Fed Funds Rate from October 24, 2016, which is the date on which the check was erroneously sent to Mr. Androphy.

Mr. Ritter may (indeed, should) have counsel, but he must appear personally at the hearing of this matter. The hearing will be held on Thursday, June 22, 2017, at 11:00 a.m., in

Courtroom 24A, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007-1316. Mr. Ritter may put in papers in advance of the hearing but if he does, he must serve the Court with a courtesy copy and deliver a copy to counsel for HSBC, Proskauer Rose LLP, at 11 Times Square, New York, New York, 10036-8299, to the attention of Rachel S. Philion.

Mr. Androphy must notify Mr. Ritter and serve him with a copy of this order.

SO ORDERED.

Dated: May 24, 2017

_____
Chief Judge

BY ECF TO ALL COUNSEL